IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL T. WHITLOW,<br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF TREASURY<br>INTERNAL REVENUE SERVICE,<br>    Defendant. | )<br>)<br>)<br>) CIVIL ACTION NO. 02-MC-145<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

This is a civil action in which plaintiff seeks judicial review of the Internal Revenue Service's determination that enforced tax collection procedures are appropriate.

### PROCEDURAL HISTORY

On May 29, 2002, *pro se* plaintiff Michael Whitlow filed a petition for judicial review against the Internal Revenue Service. The plaintiff's petition challenges the notice of determination issued by the Internal Revenue Service under 26 U.S.C. §§ 6320 and 6330. Plaintiff's petition for judicial review is, in essence, a complaint against the Internal Revenue Service brought under 26 U.S.C. § 6330(d). As such, the Internal Revenue Service must be served in accordance with Fed. R. Civ. P. 4(i). Moreover, a copy of the summons and complaint must be served within 120 days of filing the complaint as required by Fed. R. Civ. P. 4(m).

Plaintiff did not properly serve the Internal Revenue Service. Plaintiff did not serve the Attorney General of the United States or the United States Attorney's Office for the Eastern District of Pennsylvania. As indicated by the PACER docket report related to this case, the plaintiff did not issue any summonses and did not file with the Court a return of service proving that he properly served the Internal Revenue Service. A copy of the docket report is attached hereto as Exhibit A. Further, plaintiff did not serve the defendant within 120 days of filing the complaint.

## ARGUMENT

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(2) and 12(b)(5) FOR INSUFFICIENCY OF SERVICE OF PROCESS.**

Internal Revenue Code Section 6330(d) allows a taxpayer to initiate an action to challenge the notice of determination with regard to a taxpayer's collection due process hearing. As the Internal Revenue Service is the defendant (Pet. at l), plaintiff's complaint is subject to dismissal because he failed to serve the Internal Revenue Service in accordance with Fed. R. Civ. P. 4. Under Fed. R. Civ. P. 4(i)(2), service upon the Internal Revenue Service is accomplished by the following: (1) serving a copy of the summons and complaint via hand delivery or certified or registered mail on the United States Attorney for the district in which the action is brought; (2) by sending via certified or registered mail a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia; and (3) by sending a copy of the summons and complaint by certified or registered mail to the Internal Revenue Service.

Here, as evidenced by the PACER report attached as Exhibit A, neither the United States Attorney's office nor the Attorney General were served with the summons and complaint. No return of service has been filed by plaintiff. (See Exhibit A.)

A jurisdictional defect of this sort is fatal to the maintenance of an action. Bland v. Britt, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. See Micklus v. Carlson, 632 F.2d 227 (3d Cir. 1980); Williams v. Capital Transit Co., 215 F.2d 487 (D.C. Cir. 1954) (where there is improper service of process, proceedings against the defendant are void from the outset). Congress has carefully prescribed the method by which the United States, its agencies, and officers shall be brought before the courts, and it has not seen fit to provide for any deviation from, or waiver of, the prescribed method. Mission Beverage Co., Inc. v. Porter, 72 F. Supp. 568, 572 (N.D.N.Y. 1947). The failure to effect proper service is fatal to the prosecution of the action. Id. Furthermore, once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.

See <u>Myers v. American Dental Ass'n</u>, 695 F.2d 716, 725 n.10 (3d Cir. 1982); <u>Familia De Boom v. Arosa Mercantile, S.A.</u>, 629 F.2d 1134, 1139 (5th Cir. 1980); <u>Adams v. American Bar Ass'n</u>, 400 F. Supp. 219, 222 (E.D. Pa. 1975). The rationale underlying the cases discussed above is that the requirements of Fed. R. Civ. P. 4 are designed to give the Internal Revenue Service sufficient notice of a case so that the case can be defended by the proper officer of the Department of Justice.

To properly serve a complaint on the Internal Revenue Service, not only must the plaintiff comply with Fed. R. Civ. P. 4(i) but also comply with Fed. R. Civ. P. 4(m). The plaintiff must properly serve the complaint within 120 days of filing the complaint. Fed. R. Civ. P. 4(m) provides that the court shall dismiss the action if the plaintiff fails to serve the defendant within 120 days after filing the complaint. The district court is required to dismiss the case unless plaintiff can show good cause why service was not made within 120 days. <u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298, 1304 (3d Cir. 1995). Since plaintiff failed to effect proper service, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) for lack of jurisdiction and for insufficiency of service of process.

## CONCLUSION

In summary, this Court lacks jurisdiction over the defendant due to insufficiency of service of process. Accordingly, this action should be dismissed.

DATE:   February 19, 2004

                                                Respectfully submitted,

                                                PATRICK L. MEEHAN
                                                United States Attorney

                                                <u>/s/ Beatriz T. Saiz</u>
                                                BEATRIZ T. SAIZ
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                P.O. Box 227
                                                Ben Franklin Station
                                                Washington, D.C. 20044
                                                Telephone: (202) 307-6585